Second Judicial District Court of Union County.

FLORENCE L. TONER, PLAINTIFF, v. WILLIAM BRUHNS, DEFENDANT.

Decided December 6, 1943.

For the plaintiff, *David B. & Moe Silver.*

For the defendant, *Abraham D. Londa.*

Fulop, D. C. J. This is a suit by a landlord against a tenant to recover possession of premises situated at No. 300 Delaware Avenue, Union Township. The landlord desires the premises for her own occupancy. The tenant does not question the landlord's *bona fides* and does not assert any right to remain under O. P. A. regulations. He claims to be a tenant from year to year until March 1st, 1944. The parties have submitted the case on the landlord's affidavit and the original lease, for decision on the law.

On February 1st, 1940, the parties entered into a lease for the period beginning February 15th, 1940, and ending March 1st, 1941. The lease contained an option to renew for an additional year and this option was exercised. After March 1st, 1942, the tenant remained in possession and paid rent without further agreement and he is still in possession. On September 23d, 1943, the tenant received notice in writing from the landlord of the termination of the tenancy on

November 1st, 1943, and demand for possession on that date. The tenant has not moved.

On August 4th, 1941, chapter 317 of the Laws of 1941, *R. S.* 46:8–10; *N. J. S. A.* 46:8–10, became law. That statute sought to abolish holdover tenancies from year to year and to replace them by tenancies from month to month, by operation of law in the absence of agreement to the contrary. The purpose of the statute was to abolish an archaic legal booby trap. Prior to this statute, a tenant under a lease for one year who held over and paid rent at the expiration of the term of the lease became a tenant from year to year. To terminate this tenancy, three months' notice to the end of a year by the landlord, six months' notice by the tenant, was required. The law was not generally understood and many persons believed that monthly tenancies terminable on one month's notice came into effect under the above mentioned circumstances. The 1941 statute conformed the law to the general understanding.

In *Shack* v. *Weissbard* (1943), 130 *N. J. L.* 472; 33 *Atl. Rep.* (2d) 571, the Supreme Court held that the statute of 1941 did not affect a tenancy from year to year which had come into being prior to the effective date of the statute. The court held that the statute could not alter the terms of a prior contract and is confined to prospective operation. In that case, the particular year of tenancy dealt with had become binding upon the landlord and tenant before the enactment of the statute. The decision should be confined to its facts and should not be extended to any particular tenancy year beginning more than six months after August 4th, 1941. Otherwise, the evil of the old law might be preserved against the will of the legislature for twenty or fifty years after the enactment of the 1941 statute.

The present case is clearly distinguishable from Shack *v.* Weissbard. Here, on August 4th, 1941, the tenant held under a written lease. No holdover tenancy came into being until March 1st, 1942. The new law was then in force and a tenancy from month to month came into being. The landlord has effectively terminated that tenancy as of November 1st, 1943, and is entitled to possession. Judgment will be entered accordingly.